HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRASER ROTCHFORD,

    Plaintiff,

 v.

JOHNSON & JOHNSON and
JANSSEN CORP. (SUBSIDIARY),

    Defendant.

CASE NO. 3:19-cv--5104-RBL

ORDER

THIS MATTER is before the Court on Plaintiff Fraser Rotchford's response to the Court's denial of his application to proceed *in forma pauperis*. Rotchford's response comes in the form of four separate "motions": a "motion of affidavit of prejudice with cause" [Dkt. #6], a "motion to change title of cause and amendment of cause" [Dkt. #7], a "motion to remove from defendant list Jansen Corp." [Dkt. #8], and an "addendum to reply to denial of motion to proceed en forma pauperis and cause generally" [Dkt. #9] (it is unclear what "reply" this is referring to). Despite their odd titles, these motions collectively express Rotchford's frustration with the Court's reasons for denying his prior application to proceed *in forma pauperis*. To the extent the "motion of affidavit of prejudice with cause" [Dkt. #6] is a motion to recuse, the Court will address it as such. To the extent the "addendum to reply to denial of motion to proceed in forma

pauperis and cause generally" [Dkt. #9] is a motion for reconsideration, the Court will address it as such.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C.§144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

Rotchford has not shown that a reasonable person could question this Court's impartiality. His application to proceed *in forma pauperis* was denied pursuant to the well-established rule that *in forma pauperis* status should not be granted where the plaintiff's complaint is "frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). The prior Order was the Court's good faith application of the law and does not evidence bias. Rotchford's motion to recuse is therefore DENIED.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Rotchford has not shown that the Court's prior order denying the application to proceed *in forma pauperis* was clearly in error. Instead of formulating persuasive legal arguments, Rotchford's motions hurl insults at the court and repeat various misguided legal theories. The motion for reconsideration is therefore DENIED.

Despite the inadequacy of Rotchford's response to the Court's denial of his application, the Court recognizes that some of the legal terms used in the prior Order, such as "under color of state law," seem to have confused Rotchford. Consequently, the Court will attempt to further explain this term and give Rotchford another chance to file an amended complaint stating a viable claim.

The Court previously denied Rotchford's application for the primary reason that his 42 U.S.C. § 1983 claim against Johnson & Johnson cannot be sustained against a private entity acting in a private capacity. Rotchford appears to think that acting "under color of state law" simply means that one's actions are governed by state law. If this were the case then obviously all individuals and entities within the U.S. would be subject to § 1983 liability. Rotchford also seems to erroneously believe that the Court's reference to "color of state law" had some sort of racist connotations that implicate the Civil Rights Act.

While Rotchford is correct that we are all bound by the law, he misunderstands the meaning of "under color of state law" in the context of a § 1983 claim. This phrase refers to the fact that a plaintiff can only bring a § 1983 action against a government official/employee or a private party acting on behalf of the government. As the Supreme Court has explained, "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (U.S. 1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, the defendant's conduct must be "fairly attributable to the state." *Id*. (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). Rotchford can dispute this all he wants, but to do so is to dispute Supreme Court jurisprudence and the U.S. Constitution.

As Rotchford would surely admit, Johnson & Johnson is not part of any state government. From Rotchford's complaint, it is also unclear how Johnson & Johnson acted on behalf of the government when it manufactured the products that Rotchford claims are defective. This is why right now Rotchford's § 1983 action cannot possibly succeed and why the Court previously denied the application to proceed *in forma pauperis*. The privilege of filing a case free

of charge is reserved for those who have alleged a claim showing that they have at least some chance of success on the merits. *See Tripati*, 821 F.2d at 1370. Because Rotchford has sued a defendant that, as a legal matter, cannot be liable under § 1983, Rotchford has so far not done this.

However, as the Court explained in its prior order, this does not mean that Rotchford cannot sue Johnson & Johnson under some other legal theory if the company has harmed him. Rotchford could, for example, assert a negligence or products liability claim. But he cannot sustain an action under § 1983 against a private entity acting in a non-governmental capacity. That is simply black letter law.

In addition, the Court's admonishment that Rotchford should omit information unrelated to himself from his complaint is rooted in both the Federal Rules of Civil Procedure and federal standing requirements. Rule 8(a)(2) states that a complaint only needs to contain "a short and plain statement of the claim showing that *the pleader* is entitled to relief." (Emphasis added). In addition, to have standing to sue, a plaintiff must allege (1) that they suffered a "concrete and particularized injury" that is "actual or imminent, not conjectural or hypothetical," (2) that the injury was caused by the defendant's conduct, and (3) that the injury will "likely" be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, for the purposes of bringing a lawsuit, anything unrelated to what the defendant did to *the plaintiff in particular* is irrelevant. If this were otherwise, everybody would be suing everybody else based on news reports all the time.

In light of this, Rotchford's pages-worth of allegations regarding what Johnson & Johnson allegedly did to third parties and his various other musings only serve to obfuscate his actual claim, which only concerns what Johnson & Johnson may have done to *him*. In his

"addendum to reply" motion, Rotchford repeatedly references harm caused to "many other people's constitutional rights" and to "society itself." While the Court does not discount the importance of other people's rights, it is for those people to bring their own lawsuits if and when they decide to. Rotchford's complaint should focus only on when and how he was exposed to the defendant's product(s) and what effect they had on him.

In light of the foregoing, Rotchford's "motion to remove from defendant list Jansen Corp." [Dkt. #8] is GRANTED. All other motions are DENIED. Within 21 days of this Order, Rotchford shall pay the filing fee or amend and refile or voluntarily dismiss his claims. Otherwise, his petition will be dismissed without further notice.

IT IS SO ORDERED.


Dated this 7th day of March, 2019.

_____
Ronald B. Leighton
United States District Judge