UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Fraser Rotchford,<br><br>              Plaintiff,<br><br>    v.<br><br>Johnson & Johnson et al.,<br><br>              Defendants. | CASE NO. 3:19-cv-05104-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 7, 2019 |

Plaintiff Fraser Rotchford, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's proposed amended complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Plaintiff has not alleged any instance of state action involving a state official nor has he alleged facts to demonstrate a violation of any constitutional or statutory right. Accordingly, the Court recommends Plaintiff's proposed amended complaint (Dkt. 15) be dismissed and this case be closed.

**BACKGROUND**

Plaintiff, who is currently housed at Clallam County Jail, alleges Defendants State of Washington, the Department of Homeland Security ("DHS"), the Catholic Church, Johnson & Johnson, and the Department of Corrections ("DOC") as "actor[s] under color of state law to impeach, deny, subvert, harass, and rob citizens of the State of Washington their constitutional rights and due process." Dkt. 15 at 1, 7. Plaintiff alleges Defendant Johnson & Johnson put cancer causing agents including asbestos in its baby powder. *Id.* at 1, 6. Plaintiff also complains of Defendant Johnson & Johnson's "off[-]label marketing" of the anti-psychotic drug Risperdal. *Id.* at 2. Plaintiff alleges Defendant DOC was negligent, failed to provide due process, and subjected other individuals to involuntary anti-psychotic medical treatment. *Id.* Plaintiff alleges Defendant DOC "allows the sphere of influence the Catholic Church has in allowing the state in the absence of due process subject the public to involuntary anti-psychotic treatment…." *Id.* at 3. Plaintiff seeks to "dismantle" the "rule of law all over the world[.]" *Id.* at 5-6. The remainder of Plaintiff's proposed amended complaint appears to be a stream of consciousness related to the history of Christianity and philosophy. *See* Dkt. 15. As relief, Plaintiff seeks monetary damages. Dkt. 15.

**PROCEDURAL HISTORY**

Plaintiff commenced this action on February 6, 2019. Dkt. 1. On February 13, 2019, District Judge Ronald B. Leighton denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1) and screened Plaintiff's first proposed complaint and found it was deficient. Dkt. 4. The Judge Leighton ordered Plaintiff to pay the filling fee or file an amended complaint correcting the deficiencies by March 6, 2019. Dkt. 4.

On March 7, 2019, Judge Leighton entered an Order addressing several motions filed by Plaintiff. Dkt. 10. Further, Judge Leighton explained the legal terms used in the February 13, 2019 Order, and afforded Plaintiff another opportunity to file an amended complaint stating a viable claim. Dkt. 10. On April 16, 2019, Judge Leighton granted Plaintiff a short 14-day extension to file his amended complaint and referred this matter to the undersigned for all further proceedings. Dkts. 13, 14. On May 1, 2019, Plaintiff filed the proposed amended complaint. Dkt. 15.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995,[1] the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

---

[1] Initially, Plaintiff did not file this suit against a governmental entity or officer or employee of a governmental entity. *See* Dkt. 1-1. However, in his proposed amended complaint, Plaintiff names both the DOC and the State of Washington as Defendants. *See* Dkt. 15. Plaintiff is currently incarcerated at Clallam County Jail. *See* Dkt. Therefore, the Court reviews the proposed amended complaint pursuant to the Prison Litigation Reform Act of 1995 and 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court also has authority to "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *See also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted).

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

      A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

      Plaintiff's proposed amended complaint suffers from multiple deficiencies. First and foremost, he fails to name a proper defendant in this cause of action. Plaintiff has named Johnson & Johnson, the Catholic Church, State of Washington, DHS, and the DOC as Defendants. Dkt. 15.

      With respect to Plaintiff's allegations against the Catholic Church and Johnson & Johnson, generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). A private individual's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id*. at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). Plaintiff's allegations against the Catholic Church and Johnson & Johnson do not include any state involvement in the Catholic

Church or Johnson & Johnson actions and therefore Plaintiff has failed to satisfy any of these four tests. *See* Dkt. 15. Because Plaintiff may not pursue actions against a private party absent facts showing how the private individual's actions amount to state action, Plaintiff fails to state a claim against Defendants the Catholic Church or Johnson & Johnson.

Plaintiff names the State of Washington and the DOC as Defendants. Dkt. 15. However, the State of Washington is not a "person" for purposes of a § 1983 civil rights action, nor is the DOC, an agency of the State of Washington. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Thus, neither the State of Washington nor the DOC can be sued under § 1983. Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Accordingly, Plaintiff fails to state a claim against Defendants DOC and the State of Washington.

With respect to Defendant DHS, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (a suit against the officers and employees of the United States in their official capacities is essentially a suit against the United States to which the bar of sovereign immunity applies). Where sovereign immunity applies, a federal court lacks subject matter jurisdiction over a claim against the United States or a federal agency. *Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature."); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Here, Plaintiff sues DHS, a federal agency, and gives no indication DHS or the United States has waived sovereign immunity regarding his suit. *See* Dkt. 15. Therefore, Plaintiff fails to state a claim against Defendant DHS.

1      Finally, even if Plaintiff had named a proper defendant, he fails to adequately plead a
2 violation of his constitutional rights over which this Court has jurisdiction. *See* Dkt. 15. In his
3 proposed amended complaint, Plaintiff alleges there were cancer causing materials, including
4 asbestos, in Defendant Johnson & Johnson's baby powder and Defendants subjected other
5 individuals to involuntary anti-psychotic medical treatment. *See* Dkt. 15. However, Plaintiff does
6 not allege any of the named Defendants caused, or personally participated in causing, any harm
7 to Plaintiff. *See Arnold*, 637 F.2d at 1355. Thus, Plaintiff has failed to allege any actionable
8 claim against Defendants over which this Court has jurisdiction. *See City of Canton, Ohio v.*
9 *Harris*, 489 U.S. 378, 385–90 (1989) (a plaintiff must allege the defendant's own conduct
10 violated the plaintiff's civil rights); Fed. R. Civ. P. 8(a)(2) (a complaint which states a claim for
11 relief must contain "a short and plain statement of the claim showing that *the pleader* is entitled
12 to relief.") (Emphasis added). Even construing Plaintiff's proposed amended complaint liberally,
13 Plaintiff's proposed amended complaint fails to state a claim for which relief can be granted.
14      The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must
15 have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they
16 cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).
17 The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under
18 § 1983. The Court has twice provided Plaintiff with notice of the deficiencies in his claims. *See*
19 Dkts. 4, 10. Plaintiff's proposed amended complaint does not further address these issues. *See*
20 Dkt. 15. As Plaintiff has been given leave to amend and has been instructed regarding the
21 deficiencies of his claims, the Court recommends Plaintiff not be again given leave to amend.
22 *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015)
23 (finding the district court did not abuse its discretion in dismissing without leave to amend
24

1  because the plaintiff did not cure the complaint's deficiencies despite the district court's specific
2  instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San*
3  *Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to
4  amend is particularly broad where the court has already given the plaintiff an opportunity to
5  amend his complaint.").

6       For the above stated reasons, the undersigned recommends Plaintiff's proposed amended
7  complaint (Dkt. 15) be dismissed for failure to state a claim and this case be closed.

8       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
9  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
10 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
11 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
12 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June
13 7, 2019 as noted in the caption.

14      Dated this 14th day of May, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge